**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| PAULA A. PETTAWAY, : | |
| Plaintiff, : | |
| vs. : | CA 08-0171-C |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, | |
| : | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 14& 15 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative

record, plaintiff's brief, the Commissioner's brief, and the parties' arguments at the October 29, 2008 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to hypertension, diabetes mellitus, a bulging disc at L5-S1, borderline intellectual functioning, and an anxiety disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.     The medical evidence establishes that the claimant possesses medically determinable severe impairments diagnosed a[s] L4-5 disc bulge and essential hypertension. She does not, however, possess an impairment or combination of impairments, listed in   or medically equal to one listed in[] Appendix 1, Subpart P, Regulations No. 4.
>
> 4.     The claimant's testimony regarding pain and functional limitations has been credited to the extent found in the text of the decision.
>
> 5.     At all times relevant to this decision, the claimant possessed the residual functional capacity for light, unskilled work activity.
>
> 6.     On May 29, 2001, the claimant, at 27 years old, was a

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 14 & 15 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

"younger individual." (20 CFR 404.1563, 416.963)

7.   The claimant has a "high school" education. (20 CFR 404.1564, 416.964)

8.   Since May 29, 2001, the claimant has been capable to (sic) performing her past relevant light, unskilled to semi-skilled work activity, but is unable to return to her medium, unskilled work activity. (20 CFR 404.1565, 416.965)

[9.]   The claimant has not been under a "disability" as defined in the Act at any time through the date of the decision.

(Tr. 26-27)  The Appeals Council affirmed the ALJ's decision (Tr. 9-11) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work

history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant light work as a cook, sandwich maker, security guard, and cashier, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant

retains the capacity to perform her past relevant work.  They are as follows:

>1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[2]
>
>2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
>3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.[3]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61.

In this case, the ALJ has relied upon test three above to determine that

---

[2] As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

[3] The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

5

the claimant can perform her past relevant light work. (Tr. 25-26 ("The claimant has past relevant work experience which the vocational expert witness classified as medium to light, unskilled to semi-skilled work activity. In light of the vocational expert's credible testimony and in finding that the claimant can return to at least light work, the undersigned finds that it would [be] feasible for her to return to her past jobs, with the exception of work she performed as a sitter/companion which is considered medium work activity."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work. Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of . . . her PRW to determine whether the individual can still do that work." *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."
>
> . . .
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the

findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

In this case, the plaintiff contends that the ALJ committed the following errors: (1) he erred in failing to develop the administrative record and in basing his residual functional capacity (RFC) assessment upon the post-Appeals Council remand consultative examination of Dr. Andre Fontana; and (2) he erred in failing to follow the remand directions of the Appeals Council regarding plaintiff's severe mental impairments. Because the undersigned agrees that the ALJ failed to follow the remand instructions of the Appeals Council regarding plaintiff's mental impairments, and, more specifically, erred in failing to find plaintiff's borderline intellectual functioning and anxiety disorder to be a severe impairments, the Court does not consider the other issue raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is well established in this circuit that "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop

a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *see also Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000) ("[The SSA] has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA 'conducts the administrative review process in an informal, nonadversary manner."), *cert. denied sub nom. Fleetwood Homes of Florida v. Massanari*, 534 U.S. 814, 122 S.Ct. 39, 151 L.Ed.2d 12 (2001); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) ("Wilson is correct that the ALJ has a duty to develop the record fully and fairly."); *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) ("The ALJ plays a crucial role in the disability review process. Not only is he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him."). In this case, the ALJ failed to fulfill this duty because he did not make clear the severity of plaintiff's mental impairments or make clear the limitations imposed by those impairments as instructed by the Appeals Council. (*See* Tr. 120-121 ("**The severity of the claimant's mental impairments is unclear**.

9

The hearing decision does not list a severe mental impairment [] and indicates the claimant has only mild limitations in regard to her mental impairments[]. However, the decision also indicates that claimant is limited to performing simple, repetitive, one and two step tasks required to carry out unskilled work[]. **The record includes several mental evaluations indicating that the claimant has mental impairments with associated limitations that are not adequately evaluated in the decision**. As noted in the hearing decision, Dr. James F. Chudy diagnosed the claimant with an anxiety disorder, NOS, and concluded that the claimant has the ability to understand and complete simple verbal instructions and a restricted ability to respond appropriately to others. However, the weight assigned to Dr. Chudy's opinion regarding the claimant's mental limits is not clearly defined[]. Moreover, the hearing decision notes that Dr. Blaine C. Crum diagnosed the claimant with borderline intellectual functioning, reporting a verbal IQ of 76, a performance IQ of 78, and a full scale IQ of 75, causing slight to moderate limitations in mental functioning. Specifically, Dr. Crum indicated that the claimant has moderate limitations in activities of daily living, moderate episodes of deterioration or decompensation in work or work-like settings, and moderate limitations in performing repetitive tasks in a work setting[]. Although the hearing decision indicates

that Dr. Crum's opinion was considered, the weight assigned the specific limitations was not adequately discussed[]. In addition, Dr. John W. Davis concluded that the claimant can do simple, routine and repetitive type tasks, can get along with others and has some other moderate limitations[]. The decision indicates that Dr. Davis' opinion is consistent with his evaluation [], however, the decision does not indicate the weight assigned to Dr. Davis' opinion regarding all the stated limitations. Lastly, when evaluating the 'B' criteria of the mental listings, the decision does not include a discussion of the State agency physician's assessment that the claimant's mental impairments are severe and cause moderate limitations in concentration, persistence and pace[].") (emphasis supplied)) Indeed, the ALJ did much the same analysis as he did in his prior decision, and in doing so failed to heed the Appeals Council's instructions. (*Compare id. with* Tr. 24 ("With regards to the claimant's mental status pursuant to 20 CFR 404.1520a(c) and 416.920a(c), the undersigned is cognizant that assessments of the documentation surrounding the claimant's mental condition from Dr. Crum, Dr. Chudy and Dr. Davis, lead to a conclusion that she has experienced only mild mental limitations from her alleged mental impairments. Specifically, Dr. Chudy opined that the claimant's ability to understand and complete simple verbal

instructions seemed adequate, although her ability to respond appropriately to others appeared somewhat restricted. Dr. Crum concluded that the claimant was functioning in the mid borderline range of intellectual functioning based on results of Wechsler Adult Intelligence Scale-III test. Lastly, Dr. Davis' assessment showed no indications of deficits in the claimant's overall concentration or attention; and opined the claimant was capable of doing simple, routine, and repetitive type tasks; and could get along with others.")) These comments get the ALJ's analysis nowhere near the place envisioned by the Appeals Council because the ALJ never states one way or another whether plaintiff's diagnosed mental impairments, borderline intellectual functioning and an anxiety disorder, are severe impairments and never identifies the limitations associated with these mental impairments,[4] particularly in the "B" criteria realm as required in the Eleventh Circuit.[5] In failing to specifically

---

[4] In addition, the ALJ failed to identify with specificity the weight he was according each doctor's opinion, including that of the non-examining psychologist, Dr. Donald Hinton.

[5] The remand of this case for further proceedings is also mandated by *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005). The Eleventh Circuit held in *Moore* that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions[,]" and that the "[f]ailure to do so requires remand." *Id.* at 1214 (citations omitted). The Commissioner's regulations specifically provide that the PRTF or functional analysis contained therein must be completed before an ALJ makes the determination about whether a mental impairment is severe or not severe. *See, e.g.,* 20 C.F.R. § 404.1520a(d)(1) & (2) (2008) ("After we rate the degree of functional limitation resulting from

identify plaintiff's severe mental impairments and the limitations caused by those impairments the ALJ violated the mandate of the Appeals Council, *see, e.g.,* 20 C.F.R. § 416.1477(b) ("The administrative law judge **shall** take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."), and, therefore, committed a reversible error of law, *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1375-1376 (N.D. Ga. 2006) ("The Appeals Council specifically mandated that 'further develop[ment]' of the record was required with regard to the demands of Claimant's past relevant work. In light of the Appeals Council's statements that the previous decision was deficient because of its treatment of the 'sit/stand option' and that further review was therefore required, this Court construes the Appeals Council's remand order as requiring

---

your impairment(s), we will determine the severity of your mental impairment(s). (1) If we rate the degree of your limitation in the first three functional areas [activities of daily living; social functioning; and concentration, persistence, or pace] as 'none' or 'mild' and 'none' in the fourth area [episodes of decompensation], we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities . . . . (2) If your mental impairment(s) is severe, we will then determine if it meets or is equivalent in severity to a listed mental disorder."). Such mode of analysis, or special technique, "requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: 'activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.'" *Id*. at 1213, quoting 20 C.F.R. § 404.1520a(c)(3-4). The ALJ's failure to append to his decision a PRTF, or incorporate into his decision the mode of analysis set forth in the regulations at §§ 404.1520a and 416.920a, requires remand of this case for further consideration in light of *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005).

the consideration of the 'sit/stand option' even if that consideration entailed the debunking thereof. As such, because the 'sit/stand option' was not considered or discussed, error has been committed."); *Hutchison v. Apfel*, 2001 WL 336986, *11 (N.D. Tex. 2001) ("It is clear from the record that the ALJ failed to follow the Appeals Council's order of remand in that he failed to further develop the plaintiff's RFC with specific references to the record, failed to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on plaintiff's occupational base, and failed to give further consideration to whether the request for hearing should be dismissed in part. As such, the ALJ erred as a matter of law."); *see also Allen v. Astrue*, 2007 WL 1276933, *3 (E.D. Pa. 2007) ("[W]hen a case is remanded to an ALJ from the Appeals Council with instructions to take certain actions, the ALJ 'shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.' Failing to abide by the Appeals Council's instructions may also constitute reversible error."); *Mann v. Chater*, 1997 WL 363592, *3 (S.D. N.Y. 1997) ("The ALJ failed to follow SSR 83-20, as specifically instructed by the Appeals Council . . . . The ALJ did not obtain sufficient evidence to determine whether the existing medical evidence relates to the period at issue.


Also, the ALJ neglected to utilize medical experts to interpret plaintiff's record, or to attempt to call witnesses to develop plaintiff''s records. . . . The ALJ should have followed the order of the Appeals Council. [] Because he did not, I must remand this action."); *cf. Thompson v. Barnhart*, 2006 WL 709795, *11-12 (E.D. Pa. 2006) ("The ALJ has . . . committed legal error by not following the mandate of the court, and by not following the regulations of the Social Security Administration itself which require adherence to the remand orders of the Appeals Council."). Accordingly, this cause is remanded for consideration of the impact of the specific limitations associated with plaintiff's severe mental impairments as previously ordered by the Appeals Council.

To the extent the defendant would have the undersigned read the ALJ's decision to imply that plaintiff has no severe impairments and, therefore, no limitations attendant thereto which need be considered in the final analysis of whether plaintiff can perform her past relevant light work, such a reading would necessarily be rejected by the Court because it is not supported by substantial evidence. The Commissioner's severity regulation requires the claimant to make a threshold showing that she has an impairment which significantly limits her physical or mental ability to perform basic work

activities. 20 C.F.R. §§ 416.920(c), 416.921(a) (1998); *Bowen v. Yuckert,* 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). Basic work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). An impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984); *see Yuckert, supra*, 482 U.S. at 153, 107 S.Ct. at 2297 ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into account").[6]

> Inherent in a finding of a medically not severe impairment or combination of impairments is the conclusion that the

---

[6] It is clear that in *Yuckert,* the Supreme Court did not impose a standard higher than the *de minimis* standard set out in *Brady*. *See Stratton v. Bowen*, 827 F.2d 1447, 1451 n.7, 1452 n.9, 1452-1453 (11th Cir. 1987).

> individual's ability to engage in SGA [substantial gainful activity] is not seriously affected. Before this conclusion can be reached, however, an evaluation of the effects of the impairment(s) on the person's ability to do basic work activities must be made. A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and the informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of the function is inherent in the medical process itself.

SSR 85-28. The claimant's burden at step two of the sequential evaluation process is mild. *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected.").

The evidence of record in this case is clear that the claimant has been diagnosed with borderline intellectual functioning and an anxiety disorder, both of which have been recognized as severe impairments. *See, e.g., Baxter v. Barnhart*, 165 Fed.Appx. 802, 804 (11th Cir. 2006) ("Here, the ALJ determined that Baxter had several severe impairments: the loss of Baxter's right eye, left shoulder pain, depression, and **borderline intellectual functioning**."); *Gholston v. Barnhart*, 347 F.Supp.2d 1108, 1111 (M.D. Ala. 2003) ("'Gholston has the following severe impairments: fibromyalgia, a history of asthma, osteoarthritis, drug dependence, obesity, major depression,

recurrent, mild to moderate, and **anxiety disorder**[.]'"). More importantly, the various findings of the examining and non-examining physicians of record, when viewed through the prism of the Commissioner's own regulations, establish that Pettaway's borderline intellectual functioning and anxiety disorder are severe impairments. Section 404.1520a(d)(1) of the Commissioner's regulations clearly establishes that a degree of functional limitation of moderate in the functional areas of activities of daily living, social functioning, and concentration, persistence or pace, as well as a rating above none in the fourth area, necessarily lends itself to a finding that a mental impairment is severe. *See id.* ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe[.]"). On October 15, 2002, Dr. Blaine Crum, an examining psychologist, determined that on account of borderline intellectual functioning plaintiff has a moderate limitation/restriction of activities of daily living and moderate episodes of deterioration or decompensation in work or work-like settings (Tr. 434); on December 1, 2002, Dr. John Davis, an examining psychologist, indicted that plaintiff has a moderate limitation in maintaining attention, concentration and pace on account of her history of anxiety disorder (Tr. 448 & 450); and, on

October 22, 2001, Dr. Donald E. Hinton, a non-examining psychologist, indicated that plaintiff has moderate limitations/difficulties with maintaining concentration, persistence, and pace on account of her anxiety-related disorder (Tr. 364 & 374). This evidence easily meets the low threshold of *McDaniel, supra*, and establishes that Pettaway suffers from the severe mental impairments of borderline intellectual functioning and anxiety disorder. Accordingly, on remand, these mental impairments, and the moderate limitations attendant thereto, must be consider by a vocational expert. *See, e.g., Grissom v. Barnhart*, 416 F.3d 834, 837 (8th Cir. 2005) ("'We have previously concluded that borderline intellectual functioning, if supported by the record as it is here, is a significant nonexertional impairment that must be considered by a vocational expert.'").

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C.

§ 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 3rd day of December, 2008.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**